**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SARAH JEAN WISE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 04-0808-CG** |
| | ) | |
| | ) | **CRIMINAL NO. 02-00190-CG** |
| **UNITED STATES** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

This matter is before the court on the motion of petitioner, Sarah Jean Wise, under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Doc. 242), and the United States' response (Doc. 267). The court finds that petitioner's claims are due to be denied based on the appeal waiver in petitioner's written plea agreement, on petitioner's procedural default of the issues, and because they lack merit. Therefore, petitioner's motion to vacate, set aside or correct sentence is due to be denied.

## BACKGROUND

On December 18, 2002, petitioner pled guilty, pursuant to a written plea agreement, to conspiracy to manufacture more than 50 grams of methamphetamine in violation of 21 U.S.C. § 846. Petitioner's plea agreement included an appeal waiver. It also contained a waiver of her right to a post-conviction proceeding or collateral attack of her sentence except in limited circumstances. The limited waiver allowed for habeas relief in the following circumstances:

a. Any punishment imposed in excess of the statutory maximum.

1

b. Any punishment that constitutes an upward departure.

c. A claim of ineffective assistance of counsel.

(Plea Agreement, p. 8).

Petitioner was originally sentenced to 36 months imprisonment; however, on January 14, 2004, a hearing was held pursuant to Fed. R. Crim. Proc. 35.  At that time, petitioner's sentence was corrected to reflect the statutory minimum sentence of 60 months imprisonment. (Doc. 197). Petitioner did not file a direct appeal of her case.

In her motion to vacate, petitioner claims her sentence is illegal because it violated Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).


**DISCUSSION**

**I. Habeas Standard.**

Habeas relief is an extraordinary remedy which "may not do service for a [ ] [direct] appeal." United States v. Frady, 456 U.S. 152, 165 (1982).  A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted."  Id. at 164 Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited.  United States v. Addonizio, 442 U.S. 178, 185 (1979).  "A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction"  Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992) (citation omitted).   "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the

2

guilty plea." <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973).   Consequently, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. ... A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings.  The appellate process does not permit reruns." <u>Moore v. United States</u>, 598 F.2d 439, 441 (5th Cir. 1979).

In general, claims not raised on direct appeal may not be considered on collateral attack. A petitioner can, however, overcome his procedural default of claims not raised on direct appeal. The burden a petitioner must meet differs, depending upon the type of claim he raises.  First, "nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." <u>Burke v. United States</u>, 152 F.3d 1329, 1331 (11th Cir. 1998) (citations and internal quotations omitted).  A petitioner's burden with regard to constitutional claims not presented on direct appeal is slightly less stringent.  Constitutional claims may be considered if the petitioner can "show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors." <u>Cross v. United States</u>, 893 F.2d 1287, 1289 (11th Cir. 1990).  Jurisdictional issues, however, are not subject to procedural default because federal courts are of limited jurisdiction and the parties cannot by waiver or default confer a jurisdictional foundation that is otherwise lacking. <u>Harris v. United States</u>, 149 F.3d 1304, 1307 (11th Cir. 1998).

## II. Petitioner's Claims

The court finds that petitioners claims are due to be denied based on the appeal waiver in petitioner's written plea agreement and on petitioner's procedural default of the issues.  The

court also finds that the claims lack merit.

As stated above regarding the habeas standard, a defendant that pleads guilty waives all but jurisdictional claims attacking his conviction.  Tollett, 411 U.S. at 266-67.   Petitioner executed a valid plea agreement in which she waived her right to appeal her sentence.   A waiver of a right to appeal sentence is enforceable if it is knowingly and voluntarily made. United States v. Bushert, 997 F.2d 1343 (11th Cir. 1993).  In this case, the court specifically questioned petitioner concerning the sentence appeal waiver during the plea colloquy and the petitioner indicated she understood the waiver and that she wished to proceed with her guilty plea. (Change of Plea Transcript pp. 17-18.).  A valid waiver precludes a § 2255 challenge to a sentence. Williams v. United States, 396 F.3d 1340 (11th Cir. 2005).

In addition, petitioner did not file a direct appeal of her case.  Any claims which were not raised on direct appeal may not be considered on collateral attack.  Petitioner has not demonstrated that this procedural default can be overcome by the constitutionally ineffective performance of her counsel.  Petitioner has not shown cause or actual prejudice for failing to raise these issues on direct appeal.  As such, the petitioner has procedurally waived her claims.

Moreover, the court finds no merit in petitioner's claims.  The Eleventh Circuit has ruled that Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), upon which petitioner's claims rely, does not apply retroactively to petitions under § 2255.

> Regardless of whether Blakely established a "new rule of constitutional law" within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared Blakely to be retroactive to cases on collateral review. See generally Blakely, 124 S.Ct. at 2534-43; Tyler [v. Cain], 533 U.S. [656] at 662-63, 121 S.Ct. [2478] at 2482 [(2001)]. Moreover, no combination of cases necessarily dictate retroactivity of the Blakely decision. Tyler, 533 U.S. at 666, 121 S.Ct. at 2484. Blakely itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review. See id.

4

In fact, the Supreme Court has strongly implied that <u>Blakely</u> is not to be applied retroactively. The same day the Supreme Court decided <u>Blakely</u>, the Court also issued its decision in <u>Schriro v. Summerlin</u>, --- U.S. ----, 124 S.Ct. 2519, --- L.Ed.2d ---- (2004), holding that <u>Ring v. Arizona</u>, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of <u>Apprendi [v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)] to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review. <u>Summerlin</u>, 124 S.Ct. at 2526; <u>see</u> <u>also</u> <u>Blakely</u>, 124 S.Ct. at 2548-49 (O'Connor, J., dissenting) (recognizing the Court's holding in <u>Summerlin</u> "that <u>Ring</u> (and *a fortiori* <u>Apprendi</u>) does not apply retroactively on habeas review").

<u>In re Dean</u>, 375 F.3d 1287, 1290 (11th Cir. 2004). Plaintiff was convicted and sentenced prior to the <u>Blakely</u> decision and therefore any argument dependent upon <u>Blakely</u> is without merit.

## <u>CONCLUSION</u>

After due consideration of all matters presented and in light of the foregoing, the court finds that petitioner's motion to vacate, set aside, or correct sentence is due to be, and hereby is, **DENIED**.

**DONE and ORDERED** this 24th day of January, 2007.

/s/  Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE